Morgan, J.
In the lower court the plaintiff in error sued the defendants in error for the value of a horse entrusted by the plaintiff to the defendants to pasture, as agisters, at an agreed sum per month. The horse escaped or was stolen, and on demand the defendants were unable to restore it to the plaintiff. Trial to a jury and verdict for defendants.
First, the plaintiff contends that the court erred in instructing the jury that the burden of proof was upon the plaintiff to prove that defendants did not use ordinary care in keeping the horse, and in refusing to give an instruction that the burden was upon the defendants in this respect. Under the law of agistment, or bailment, the owner of the animal agisted, in a suit for its value, after demand and failure to return, may be said to make out a prima facie case when he has alleged and proved the agistment, the demand and failure to return. 3 R. C. L., Sec. 74, p. 151, biting Prince v. Alabama State Fair, 106 Ala., 340, 17 So., 449, 28 L. R. A., 716; Marlatt v. Levee Steam Cotton Press Co., 10 La., 583, 29 Am. Dec., 468; Beardslee v. Richardson, 11 *206 Wend. (N. Y.), 25, 25 Am. Dec., 596 and note; Schwerin v. McKie, 51 N. Y., 181, 10 Am. Rep., 481; Canfield v. Baltimore & O. R. Co., 93 N. Y., 532, 45 Am. Rep. 268. But after the agister pleads and proves that the animal escaped by-jumping over a lawful fence, or was stolen, as was done in this case, or otherwise explains the loss in a way that discloses no negligence on his part, the burden shifts to the plaintiff. It is not necessary for the defendant to go further and prove affirmatively no negligence on his part, because his prima facie exoneration shifts the burden to the plaintiff. Schouler cn Bailments, Sec. 23, 3rd Ed. The agister is not an insurer of the safety or return of the animal, but, in the event of loss, and a prima facie exoneration on his part, he is only liable on proof of negligence or want of ordinary care. I R. C. L., 1079, Sec. 20, citing Arrington v. Fleming, 117 Ga., 449, 43 S. E. 691, 97 A. S. R., 562, 26 L. R. A., 366 and note. It follows, from the foregoing authorities, that there was no error in this respect. The only negligence referred to in the testimony was as to the character and condition of the fence, and as the evidence was quite conflicting thereupon, the verdict of the jury will not be disturbed.
Second, the plaintiff contends that the lower court erred is not entering judgment by default against one of the defendants who, it is claimed, did not file any answer. This contention is without merit. The action was begun without making this defendant- a party; but after the answer was filed by the other two defendants, this defendant was made a party and summons was served upon him, but no further complaint was filed in the action; and, as it was stipulated that the case might be set for trial, and no objection was made as to the lack of a complaint or answer as to this defendant, and no application was made for default until two .or three days after the trial, it seems plain that the action was tried against all three of the defendants without requiring any complaint .against the third defendant or any *207 answer on his part, the pleadings between the other parties being regarded no doubt as sufficient for all three defendants.
Decided March 8th, A. D. 1915.
Rehearing denied April 12, A. D. 1915.
Third, plaintiff contends that the judgment should be reversed because the trial was had before a special jury instead of the regular panel; a sufficient answer to this contention .is, that no objection or exception appears in the record concerning the matter; nor to indicate that the plaintiff was prejudiced thereby. It is true the plaintiff in error has inserted‘in the assignment of errors and in the printed abstract of the record that the case was tried by a special jury without his consent and over his objections and exceptions, but there is nothing of this sort in the record.

Judgment Affirmed.